IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Illya Tramell Salter, ) | Case No. 8:10-cv-3116-RBH-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Tracy Kerin, Med. Administrator; Scotty ) | |
| Bodford, Detentions Administrator; James ) | |
| Doritey, Detentions Director, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendants' motion to dismiss for lack of prosecution [Doc. 35] and motion for summary judgment [Doc. 47]. Plaintiff, a prisoner proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. [*See* Doc. 1.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY

Plaintiff filed this action on December 8, 2010, generally alleging claims of neglect, pain and suffering, and mental distress. [Doc. 1.] On June 6, 2011, after mail to Plaintiff was returned as undeliverable [Doc. 29], Defendants filed a motion to dismiss for lack of prosecution [Doc. 35]. On June 7, 2011, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to Defendants' motion to

dismiss. [Doc. 37.] However, also on June 7, 2011, the Court received a notice of change of address from Plaintiff. [Doc. 40.] Accordingly, the previously returned mail and *Roseboro* Order were mailed to Plaintiff at the new address. [Doc. 41.]

On July 15, 2011, Defendants filed a motion for summary judgment. [Doc. 47.] On July 18, 2011, the Court issued a second Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond to Defendants' motion for summary judgment. [Doc. 48.] On August 15, 2011, Plaintiff filed a response in opposition to Defendants' motion for summary judgment.[1] [Doc. 51.] Defendants' motions are now ripe for review.[2]

## **BACKGROUND**

At all times relevant to this action, Plaintiff was a pretrial detainee held at the Greenville County Detention Center ("GCDC").[3] [*See* Doc. 1.] Plaintiff alleges on September 19, 2010, he went to medical to see the doctor about a back problem, and the doctor gave Plaintiff ibuprofen and an extra mattress. [*Id.* at 3.] Plaintiff alleges he could

---

[1] On June 16, 2011, Plaintiff filed a motion for issuance of subpoenas and a memo in support. [Docs. 45, 45-1.] Although the Court denied Plaintiff's motion for subpoenas with leave to refile should the case survive Defendants' motion for summary judgment [Doc. 53], because Plaintiff's memo in support of his motion for subpoenas addresses the merits of his claim for relief, the Court has considered the memo with respect to the motion for summary judgment before the Court.

[2] As an initial matter, the Court recommends Defendants' motion to dismiss for lack of prosecution be found as moot. Defendants' motion was based on Plaintiff's failure to update his address with the Court and/or Defendants' counsel. [Doc. 35.] However, as noted, Plaintiff's notice of change of address was filed the day after Defendants filed their motion to dismiss. [*See* Doc. 40.] Moreover, Defendants subsequently filed a motion for summary judgment [Doc. 47], and Plaintiff responded to Defendants' motion for summary judgment [Doc. 51], indicating he did not wish to abandon his case. Based on the above, the Court recommends finding as moot Defendants' motion to dismiss for lack of prosecution.

[3] Plaintiff was transferred to the custody of the South Carolina Department of Corrections in early 2011. [*See* Doc. 18 (notice of change of address to Kirkland R.E. Center and letter indicating Plaintiff was sentenced on January 31, 2011).]

2

not get out of bed two days later, and a nurse who came to his room told Plaintiff to rest and that she would put him on the sick call list to see Defendant Tracy Kerin ("Kerin"). [*Id.*] Plaintiff alleges that, during the third shift on September 22, 2010, the pain was so bad he told two officers he needed to see the nurse. [*Id.*] Plaintiff alleges the officers called medical on the radio and were told there was not a nurse on duty, so nothing could be done for Plaintiff. [*Id.*] Plaintiff further alleges he then asked to be taken to the hospital, but the officers refused. [*Id.*] Plaintiff alleges he then wrote a grievance to Captain Stowers. [*Id.*] Plaintiff also alleges that on September 22, 2010, he asked to be taken to the hospital but was told that the officer had to have permission from the jail administrator, Defendant Scotty Bodford ("Bodford") or Defendant James Doriety ("Doriety").[4] [*Id.* at 4.] Plaintiff alleges, "I wasn[']t taken to the hosp[ital], so I guess they said no." [*Id.*] Plaintiff seeks $200,000 in monetary damages and to have the charges against him dropped. [*Id.* at 5.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at

---

[4] An affidavit submitted in support of Defendants' motion for summary judgment indicates Defendants were misidentified in Plaintiff's Complaint and that Defendants' actual names are Tracy Krein, Scotty Bodiford, and James Dorriety. [Doc. 27-2 at 1.] However, as indicated, the Court will refer to Defendants as they are named in Plaintiff's Complaint.

3

520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

   ***Generally***

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.  Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

5

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or

6

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Claims for Injunctive Relief are Moot**

First, because Plaintiff is no longer incarcerated at GCDC, to the extent he is seeking injunctive and/or declaratory relief, his claims are moot. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (holding that former detainee's request for injunctive relief was moot); *Taggart v. Oklahoma*, 74 F. App'x 880, 882 (10th Cir. 2003) (holding that inmate's claims concerning his medical needs against prison officials for injunctive relief were rendered moot by his release); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 347 (6th Cir. 2001) (same). However, Plaintiff's claims for monetary damages survive his release from GCDC, *see Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d

Cir. 1976), and as public officials, Defendants are all subject to suit for damages in their individual capacities in a § 1983 lawsuit, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Hafer v. Melo*, 502 U.S. 21 (1991); *Goodmon v. Rockefeller*, 947 F.2d 1186, 1187 (4th Cir. 1991).  Nevertheless, for the reasons set forth below, the Court recommends Defendants' motion for summary judgment be granted.

**Failure to Allege Personal Wrongdoing by Kerin**

Plaintiff's only allegation related to Kerin states, "[Nurse Johnson] told me she would put me on the sick call list to see Tracy Kerin - which is the Medical Administrator." [Doc. 1 at 3.] Plaintiff has failed to allege Kerin had any personal involvement in Plaintiff's neglect, pain and suffering, or mental distress.  Because there is no doctrine of respondeat superior in § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), prison officials are liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted).[5]  Here, Plaintiff has failed to allege facts sufficient to demonstrate any personal or supervisory wrongdoing by Kerin.  Accordingly, Kerin is entitled to be dismissed even if this action were to otherwise proceed against Bodford and Doritey.

**Failure to Allege Constitutional Violation by Bodford or Doritey**

Liberally construing Plaintiff's Complaint, to the extent Plaintiff alleges any personal wrongdoing by Bodford and Doritey, the Court concludes Plaintiff alleges claims of deliberate indifference to his medical needs by Bodford and Doritey for failing to allow Plaintiff to go to the hospital for his back pain.  [*See* Doc. 1 at 3–4.]  The Supreme Court has stated that deliberate indifference exists when prison officials know of a substantial risk to a detainee's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  Within the Fourth Circuit, prison officials violate a prisoner's Fourteenth Amendment rights only if the officials' conduct shocks the conscience, and the Fourth Circuit has held that

> [i]n cases where the government is accused of failing to attend to a detainee's serious medical needs, and in cases where the government is accused of failing to protect a detainee from a substantial risk of physical harm, "conduct that amounts to 'deliberate indifference' . . . is viewed as sufficiently shocking to the conscience that it can support a Fourteenth Amendment claim."

---

[5] This is a heavy burden; in fact, the Supreme Court in *Ashcroft v. Iqbal* may have entirely abrogated supervisory liability in *Bivens* actions.  *See* 129 S. Ct. 1937, 1957 (2009) (Souter, J., dissenting) ("Lest there be any mistake, . . . the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely.  The nature of a supervisory liability theory is that the supervisor may be liable, under certain conditions, for the wrongdoing of his subordinates, and it is this very principle that the majority rejects."); *see also Jones v. Corr. Care Solutions*, No. 0:09-cv-269, 2010 WL 2639788, at * 2 (D.S.C. June 7, 2010).  A *Bivens* action "is the 'federal analog to suits brought against state officials under . . . § 1983.'" *Id.* at 1948 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 (2006)).  Therefore, the Supreme Court's reasoning may extend to abrogate supervisory liability in § 1983 actions as well as *Bivens* actions.

*Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 574–75 (4th Cir. 2001)).  A detainee who alleges deliberate indifference must meet "a very high standard—a showing of mere negligence will not meet it."  *Id.* (citing *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)).

In the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir.1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817) ("The United States Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice.").  In this case, Plaintiff has failed to show Bodford and Doritey knew of and ignored Plaintiff's need for medical care, Plaintiff's need for medical care was serious, or Plaintiff received inadequate medical care.  Evidence submitted by Defendants establishes GCDC personnel responded to Plaintiff's requests for medical treatment [Doc. 47-2]; nothing in the record indicates Plaintiff's back condition was sufficiently serious to warrant a trip to the hospital on September 22, 2010 or that Bodford or Doritey denied Plaintiff medical treatment.  Plaintiff has submitted no evidence to support his claims, and as stated above, the Constitution did not entitle Plaintiff to the medical treatment of his choice.  As a result, Plaintiff has failed to demonstrate a genuine

issue of material fact as to whether Bodford and Doritey acted with deliberate indifference with respect to Plaintiff's medical needs.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss for lack of prosecution be FOUND AS MOOT and Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

                                                  s/Jacquelyn D. Austin
                                                  United States Magistrate Judge

January 27, 2012
Greenville, South Carolina